UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE CACHU, | No. 2:14-cv-1279 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On August 11, 2011, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on June 30, 2010. (Transcript ("Tr.") at 103.) Plaintiff's application was denied initially, (id. at 122-

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 6 & 7.)

26), and upon reconsideration.  (Id. at 129-34.)  Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on March 22, 2013.  (Id. at 16-49.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 16-17.)

In a decision issued on May 16, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 115.)   The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since June 30, 2010, the alleged onset date (20 CFR 404.1571 *et seq*).
>
> 3. The claimant has the following medically severe combination of impairments of (sic) depression, anxiety, carpal tunnel syndrome, mild cervical impingement syndrome of the right shoulder, myofascial sprain/strain of the cervical spine and thoracic spine and bilateral elbows and bilateral wrists, chronic bronchitis, a history of gastroesophageal reflux disease, a history of dysphagia, recurrent major depression, rotator cuff tendonitis of the bilateral shoulders, adjustment disorder with mixed anxiety and depressed mood, carpal tunnel syndrome of the left wrist, cubital tunnel syndrome of the left elbow, and a somatization disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can never climb ladders, ropes, or scaffolds, is limited to no more than frequent pushing and pulling overhead or frequent reaching overhead with the bilateral upper extremities; the claimant must avoid concentrated exposure, meaning continuous or protracted exposure, to pulmonary irritants and hazards; and the claimant is limited to no more than frequent face-to-face interaction with the public, supervisors and co-workers, although the claimant can work in close proximity or along-side people without difficulty.
>
> 6. The claimant is capable of performing past relevant work as a senior administrative assistant.  The work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2010, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 105-14) (citations to exhibits omitted).

On March 26, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's May 16, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 26, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

/////

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts the following two principal errors: (1) in denying plaintiff's request for review the Appeals Council failed to properly evaluate new, material medical opinion evidence; and (2) the ALJ improperly rejected "other source" opinions. (Pl.'s MSJ (Dkt. No. 13) at 6-31.[2])

### I. New Evidence

After the ALJ issued his decision on May 16, 2013, plaintiff submitted to the Appeals Council the July 11, 2013 "COMPREHENSIVE PSYCHOLOGICAL EVALUATION," and "PSYCHIATRIC REVIEW TECHNIQUE," of examining physician, Dr. Robert L. Morgan. (Tr. at 1868-80.) Plaintiff also submitted to the Appeals Council the July 24, 2013 "QUESTIONNAIRE" completed by treating physician, Dr. Donald Rossman. (Id. at 1864-65.) Although the March 26, 2014 "NOTICE OF APPEALS COUNCIL ACTION" does not specifically discuss the contents of these medical opinions, it did state that the Appeals Council considered Dr. Morgan and Dr. Rossman's opinions in deciding not to review the ALJ's May 16, 2013 decision. (Id. at 1, 4.)

A claimant's Residual Functional Capacity ("RFC") is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id. "When, as here, 'the Appeals Council considers new evidence in deciding whether to review

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

a decision of the ALJ, that evidence becomes part of the administrative record, which the district court . . . must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.'" Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012)). See also Palomares v. Astrue, 887 F.Supp.2d 906, 916 (N.D. Cal. 2012) ("new evidence considered but rejected by the Appeals Council is properly a part of the record before a reviewing court").

Here, the ALJ found at step three of the sequential evaluation that plaintiff's impairments did not meet or equal any of the listing impairments because there was "no . . . medical source opinion stating that [plaintiff's] impairments are listing-level in severity." (Tr. at 106.) In his July 11, 2013 opinion, however, examining physician Dr. Morgan opined that plaintiff was "presenting on assessment . . . with meeting criteria," for Listing 12.04. (Id. at 1875, 1878.) Dr. Morgan also opined that plaintiff had a "marked" degree of limitation in her activities of daily living, in maintaining social functioning and in maintaining concentration, persistence or pace. (Id. at 1880.) Dr. Morgan found that plaintiff's ability to maintain regular attendance, complete a normal workday, and interact with co-workers and the public, was markedly impaired. (Id. at 1876.) It was Dr. Morgan's opinion that the "[l]ikelihood is high," of plaintiff's "emotional deterioration in work-like environment," and that plaintiff had "been disabled since the point in time that she initially applied for Disability." (Id.) Although plaintiff's treating physician, Dr. Rossman, did not opine that plaintiff was disabled, he did opine that plaintiff could do "no more than sedentary work." (Id. at 1864.)

The ALJ's May 16, 2013 decision, however, found that plaintiff had the residual functional capacity to perform light work, with some exceptions, including frequent face-to-face interactions with the public, supervisors and co-workers. (Id. at 106.) In this regard, the ALJ's RFC determination is contradicted by the opinions of Dr. Morgan and Dr. Rossman. See Burrell, 775 F.3d at 1139 ("we review all the evidence submitted to the Appeals Council as if it had been before the ALJ").

Moreover, as noted above, Dr. Morgan was an examining physician and Dr. Rossman was a treating physician. The weight to be given to medical opinions in Social Security disability

cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. Here, neither the Appeals Council, nor the ALJ in his May 16, 2013 decision, offered a specific or legitimate reason for rejecting the opinions of Dr. Morgan or Dr. Rossman.

Accordingly, plaintiff is entitled to summary judgment in her favor with respect to this claim.

**II.  Other Source Opinions**

Plaintiff also argues that the ALJ impermissibly rejected the opinions of Robert Dickman and Joseph Ambrose, chiropractors who examined plaintiff and provided opinions. (Pl.'s MSJ (Dkt. No. 13) at 12-18.)

An ALJ may afford less weight to the opinion of a chiropractor because he or she is not an acceptable medical source but is instead classified as an "other source." See 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (chiropractors are not acceptable medical sources but other sources). Nonetheless, the opinions and evidence from other sources, such as chiropractors, are important and must be evaluated by the ALJ. See Garrison v. Colvin, 759 F.3d 995, 1013-14 (9th Cir. 2014) (the ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work"); SSR 06-03p, 2006 WL 2329939, at *3 ("Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on

/////

6

key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.").

Accordingly, the ALJ may only reject evidence from an "other source," such as a chiropractor, if the ALJ gives a germane reason for doing so. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); Bain v. Astrue, 319 Fed. Appx. 543, 546 (9th Cir. 2009)[3]; Petty v. Colvin, 954 F.Supp.2d 914, 926 (D. Ariz. 2013) ("An ALJ is free to discount testimony from other sources, but as the Commissioner concedes, he must give reasons germane to each witness for doing so.").

Here, the ALJ afforded "little weight" to Mr. Ambrose's opinion because he was "not an acceptable medial source," and because his opinion was "contradicted by the orthopedist's opinion." (Tr. at 110.) The ALJ also afforded "little weight" to Mr. Dickman's opinion because he too was "not an acceptable medical source," and his opinion was "contradicted by the orthopedist's," as well as because Mr. Dickman ascribed limitations to plaintiff which were "heavily dependent on the claimant's subjective report of her abilities." (Id.)

Inconsistency with a medical source opinion is a germane reason to afford less weight to an "other source" opinion. See Ball v. Colvin, 607 Fed. Appx. 709, 710 (9th Cir. 2015) (inconsistency with "contemporaneous medical evidence" is a germane reason); Hubble v. Astrue, 467 Fed. Appx. 675, 677 (9th Cir. 2012) ("The ALJ is entitled to give greater weight to opinions from 'acceptable medical sources' . . . and his conclusion that the other sources were more credible was not unreasonable.").[4]

Here, the ALJ in his decision the ALJ gave recognized, germane reasons for discounting the other source opinions offered by plaintiff. Accordingly, plaintiff's motion for summary judgment is denied as to this claim.

/////

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[4] See fn. 3, above.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021. See also Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record has not been fully developed and further administrative proceedings would serve a useful purpose. Accordingly, this matter will be remanded for further proceedings. On remand, the ALJ shall consider and evaluate the opinion of examining physician Dr. Robert L. Morgan rendered on July 11, 2013 and the opinion of treating physician Dr. Donald Rossman rendered on July 24, 2013.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 13) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is granted in part and denied in part;

/////

/////

/////

3. The Commissioner's decision is reversed for the reasons indicated above; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: September 4, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\cachu1279.ord.docx