1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSIE CACHU,                              No.  2:14-cv-1279 AC (TEMP)

12                Plaintiff,

13        v.                                    ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,

15

16                Defendant.

17

18          This matter is before the court on plaintiff's fully briefed motion for attorney's fees

19   pursuant to the Equal Access to Justice Act ("EAJA").

20          Plaintiff brought this action seeking judicial review of a final administrative decision

21   denying her application for Disability Insurance Benefits under Title II of the Social Security Act.

22   On September 8, 2015, following the filing of a motion for summary judgment by plaintiff and a

23   cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed

24   the decision of the Commissioner and remanded this action for further proceedings.  ECF No. 17.

25          On December 7, 2015, plaintiff filed her motion for attorney's fees.  ECF No. 19.

26   Defendant filed an opposition on December 11, 2015.  ECF No. 20.  Plaintiff filed a reply, in

27   which plaintiff modified her fee request, on December 17, 2015.  ECF No. 21.  Plaintiff's

28   modified request seeks an award of $6,621.81 in attorney's fees based on 34.85 hours of attorney

1

1 time expended, as well as $414.31 in costs, for a total award of $7,036.12.  ECF No. 21.

2       The EAJA provides that "a court shall award to a prevailing party . . . fees and other

3 expenses . . . incurred by that party in any civil action . . . brought by or against the United States

4 . . . unless the court finds that the position of the United States was substantially justified or that

5 special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v.

6 Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was

7 substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v.

8 Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

9       A "party" under the EAJA is defined as including "an individual whose net worth did not

10 exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The

11 term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

12 "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

13 prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

14 resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§

15 2412(d)(1)(C) & 2412(d)(2)(D)).

16       A party who obtains a remand in a Social Security case is a prevailing party for purposes

17 of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has

18 ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

19 four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .  "An

20 applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the

21 denial of her benefits is reversed and remanded regardless of whether disability benefits

22 ultimately are awarded."  Gutierrez, 274 F.3d at 1257.

23       Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly

24 delay this litigation, that her net worth did not exceed two million dollars when this action was

25 filed, ECF No. 21-3 at 1-2, and that the position of the government was not substantially

26 justified.[1]  See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government

27

28 [1] Defendant argues that plaintiff obtained remand "solely for the consideration of new evidence," which plaintiff did not submit to the ALJ, suggesting that plaintiff "merely sought a second bite at

1  "includes both the government's litigation position and the underlying agency action giving rise

2  to the civil action.").

3      The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. §

4  2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since

5  1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

6  of living.[2]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir.

7  2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee

8  "'requires more inquiry by a district court than finding the product of reasonable hours times a

9  reasonable rate.'"  Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

10  (1983) (internal citations omitted)).  The district court must consider "'the relationship between

11  the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S.

12  at 437).

13      Here, plaintiff's attorney successfully moved for summary judgment and obtained a

14  remand for further proceedings.  After carefully reviewing the record and the pending motion, the

15  court finds the claimed 34.85 hours to be a reasonable amount of attorney time to have expended

16  on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  See,

17  e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-

18  cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-

---

20  the apple, which undermined her claim that the evidence [was] so probative remand was
required."  ECF No. 20 at 4-6.  However, as noted in the September 8, 2015 order granting
21  plaintiff's motion for summary judgment, the new evidence was considered by the Appeals
Council and when "the Appeals Council considers new evidence in deciding whether to review a
22  decision of the ALJ, that evidence becomes part of the administrative record, which the district
court . . . must consider when reviewing the Commissioner of Social Security's final decision for
23  substantial evidence."  Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014).  Moreover, the
new evidence at issue directly contradicted the ALJ's residual functional capacity determination.
24  Cf. Linge v. Colvin, 589 Fed. Appx. 383, 384 (9th Cir. 2015) (finding agency's decision
substantially justified where new evidence was not "clearly at odds with the ALJ's . . . finding
25  that [plaintiff] had the residual functional capacity to perform light work").
26  [2]  In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir.
2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the
27  statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be
found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates
28  are at or near the statutory maximum rates established by the Ninth Circuit.

1  CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).

2        Moreover, the number of hours expended by plaintiff's attorney is well within the limit of

3  what would be considered a reasonable amount of time spent on this action when compared to the

4  time devoted to similar tasks by counsel in like social security appeals coming before this court.

5  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19,

6  2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-

7  1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a

8  reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5

9  (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue,

10  No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to

11  be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d

12  1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the

13  range most often requested and granted in social security cases."); cf. Id. at 1137 ("District courts

14  may not apply de facto caps limiting the number of hours attorneys can reasonably expend on

15  'routine' social security cases.").

16        Finally, plaintiff's requests that the EAJA fee award be made payable to plaintiff's

17  counsel pursuant to a fee agreement signed by plaintiff.  ECF No. 21-3 at 3-5.  However, an

18  attorney fee award under the EAJA is payable to the litigant and is therefore subject to a

19  government offset to satisfy any pre-existing debt owed to the United States by the claimant.

20  Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).

21        Subsequent to the decision in Ratliff, some courts have ordered payment of the award of

22  EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees,

23  provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-

24  1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-

25  0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-

26  01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV

27  09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted

28  stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have

1  stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's

2  assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by

3  making the fees and expenses payable directly to counsel.  The court will incorporate such a

4  provision in this order.

5          Accordingly, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF

7  No. 19) is granted;

8          2.  Plaintiff is awarded $7,036.12 in attorney fees under 28 U.S.C. § 2412(d); and

9          3.  Defendant shall determine whether plaintiff's EAJA attorney's fees are subject

10  to any offset permitted under the United States Department of the Treasury's Offset Program and,

11  if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall

12  cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment

13  executed by plaintiff.

14  DATED: April 4, 2016

15  _____

16  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28